IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY FEEZOR,   No. CIV S-10-2758-GEB-CMK

    Plaintiff,

  vs.   ORDER

CENTRAL VALLEY QSR, INC., et al.,

    Defendants.

_____/

        Plaintiff, proceeding with counsel, brings this action for denial of equal access under the Americans with Disabilities Act. Pending before the court is defendant Central Valley QSR, Inc.'s motion to set aside entry of default (Doc. 19), and plaintiff's motion for a default judgement (Doc. 15). A clerk's entry of default was entered on February 22, 2011 (Doc. 11). This matter is referred to the undersigned United States Magistrate Judge pursuant to Eastern District of California local rules. A hearing on the motion was taken off calendar, and the issue submitted on the papers, pursuant to Local Rule 230(b).

        The complaint in this action was filed by plaintiff on October 12, 2010. Plaintiff named two defendants in his complaint, Central Valley QSR, Inc., and Westlane Properties, LLC. Westlane Properties, LLC, has been voluntarily dismissed from this action, so this case

continues against Central Valley QSR only.

On October 28, 2010, plaintiff filed a proof of service indicating defendant Central Valley QSR was served on October 21, 2010, through substituted service.[1]  The proof of service indicates Anton M. Lutfi, Agent for service of process for Central Valley QSR, was served by leaving copies of the complaint with or in the presence of a person in charge by the name of Susan.  Copies were also served by mail on the same date.  (See Proof of Service, Doc. 5).  As defendant Central Valley, QSR, Inc., failed to file a response to the complaint, plaintiff filed a request for clerk's entry of default (Doc. 10), on February 14, 2011.  Pursuant to Federal Rule of Civil Procedure 55, the clerk's entry of default was entered on February 22, 2010 (Doc. 11).  On April 6, 2011, plaintiff then filed his motion for default judgment (Doc. 15).

In the mean time, on April 28, 2011, prior to the hearing on plaintiff's motion for default judgment, defendant Central Valley QSR filed an ex parte application for a continuance of the hearing date on plaintiff's motion for default judgment.  Not having standing to obtain such a continuance without having it's default set aside or making an appearance in this matter, defendant's motion was stricken.  Defendant Central Valley QSR then filed its motion to set aside the entry of default on May 16, 2011, again prior to the entry of a default judgment.

Rule 55(c) of the Federal Rules of Civil Procedure provides for relief from an entry of default for "good cause shown."  An application under 55(c) to set aside a default is addressed to the sound discretion of the trial court.  Savarese v. Edrick Transfer and Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975).  Because of the preference for deciding cases on their merits whenever possible, motions for relief from default entries should be viewed liberally, see Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), resolving all doubts in favor of the party seeking relief.  See, e.g., Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

---

[1] The sufficiency of service is not at issue at this time, and this discussion is not intended to analyze whether or not service was proper.

In considering a motion to set aside a clerk's entry of default pursuant to Rule 55(c), courts "uniformly consider" the factors relevant to a motion to set aside a default judgment, pursuant to Fed. R. Civ. P. 60(b). 10 Wright and Miller, Federal Practice and Procedure ("Wright & Miller"), § 2694. Any of the reasons which are sufficient to justify relief under Rule 60(b) will justify relief under Rule 55(c). Id. "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt, 783 F.2d 941, 945; See also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000) (quoting O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994)).

A motion to set aside a default judgment under Rule 60(b) may be denied if: (1) the plaintiff would be prejudiced by granting it; (2) the defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default. Pena v. Seguros La Comercial, S.A., 770 F.2d 811 (9th Cir. 1985). Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that a defaulted party acts quickly to cure the default and seek relief is viewed as a strong reason for the court to exercise its discretion to set aside the default. Wright & Miller, § 1698.

When applying the good cause standard, the Ninth Circuit has typically found a defendant's conduct to be culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001). Although a defaulting party's familiarity with legal process or representation by an attorney may strongly suggest the likelihood that the delay was deliberate, willful or in bad faith, legal sophistication or ignorance is not the decisive factor. See id. at 699 n.6. "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010).

///

1    In this case, defendant argues it was not properly served with the summons and
2 complaint, and the failure to file a responsive pleading was the result of excusable neglect not
3 bad faith.  Defendant further maintains that there would be no prejudice to plaintiff if the default
4 was set aside, and that it has meritorious defenses to the claims raised in this action.
5    In response, plaintiff argues service was proper, the defendant was not diligent in
6 protecting itself against default by failing to retain counsel until after the motion for default was
7 filed, and that he would be prejudiced by setting aside the default by being forced to litigate the
8 merits of his case.
9    The parties clearly disagree whether proper service has been effected.  However,
10 regardless of whether or not defendant was properly served, counsel has provided sufficient
11 reason for the undersigned to determine there was no bad faith on defendant's part.  Believing
12 service was not proper, defendant's agent apparently contacted plaintiff's counsel.  While there
13 appears to have been some communication between the parties, there was no mutually acceptable
14 resolution of any service issues.  Nevertheless, while defendant did not respond to the complaint
15 prior to the clerk's entry of default, defendant did act promptly to retain an attorney and file the
16 instant motion to set aside the entry of default.
17    As to whether defendant has a meritorious defense, that issue has not been fully
18 addressed by either party.  Defendant states its belief that it has defenses to the claims, and its
19 intention to litigate the matter, but does not set forth what its defenses could be.  While such
20 conclusory statements do not support the argument, the undersigned does not find this deficiency
21 sufficient to deny the motion, especially given the lack of prejudice to plaintiff and the timeliness
22 of the motion.
23    Plaintiff argues he will be prejudiced if the court sets aside the entry of default,
24 because he will be required to litigate his case.  This argument is more deficient than defendant's
25 conclusory statement that it has applicable defenses.  Being required to litigate his own case is
26 not the type of prejudice the court requires in order to avoid setting aside the entry of a default.

1 Rather, the court looks to "whether the [plaintiff's] ability to pursue his claim will be hindered."
2 TCI Group, 244 F.3d at 701 (quoting Falk, 739 F.2d at 463). "To be considered prejudicial, 'the
3 delay must result in tangible harm such as loss of evidence, increased difficulties of recovery, or
4 greater opportunity for fraud or collusion." Id. (quoting Thompson v. American Home Assur.
5 Co., 95 F.3d 429, 433-34 (6th Cir. 1996). A plaintiff is not prejudiced simply because it is
6 denied a swift victory and must litigate its claims on their merits. See Bateman v. United States
7 Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000).

8          The undersigned therefore finds good cause to set aside the clerk's entry of
9 default. It is noted that while the motion for default judgment had been filed, the motion to set
10 aside the default was filed prior to the hearing and prior to the entry of a default judgment. Thus,
11 the burden on defendant is less. Given the lack of prejudice to plaintiff, and the timeliness of the
12 motion, the lack of specificity as to any possible defense is insufficient to deny the motion to set
13 aside. Finally, as the default will be set aside, the motion for default judgment becomes moot.
14 Defendant will have a short period of time in which to file a responsive pleading.

15          Accordingly, IT IS HEREBY ORDERED that:
16          1.      Defendant's motion to set aside the clerk's entry of default (Doc. 19) is
17 granted;
18          2.      Plaintiff's motion for default judgment (Doc. 15) is therefore denied; and
19          3.      Defendant shall file a responsive pleading to the complaint within 14 days
20 of the date this order is filed.

22  DATED: July 21, 2011

23                                          _____
                                            CRAIG M. KELLISON
24                                          UNITED STATES MAGISTRATE JUDGE