UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Central Valley QSR, Inc. dba Church's Chicken,<br><br>　　　　Defendant. | No. 2:10-cv-02758-GEB-CMK<br><br>**DISMISSAL ORDER** |

Since no action had been taken in this case since Defendant Central Valley QSR, Inc. dba Church's Chicken filed its Answer to the Complaint on August 4, 2011, more than three years ago, Plaintiff was Ordered to Show Cause ("OSC") in a writing to be filed in this Court no later than April 4, 2014, why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) for his failure to prosecute. (OSC, ECF No. 29.)

Plaintiff has not responded to the OSC. Therefore, the Court considers whether this action should be dismissed under Rule 41(b) for failure to prosecute. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

> In determining whether to dismiss a [case] for failure to prosecute . . . , the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

1

    need to manage its docket; (3) the risk of prejudice to defendant[] . . . ; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

  The first and second factors weigh in favor of dismissal here because Plaintiff's failure to prosecute his case has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . .").

  The third factor concerning the risk of prejudice to Defendant considers the strength of Plaintiff's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 (indicating "the risk of prejudice" is related to Plaintiff's reason for failing to prosecute). Since Plaintiff has provided no reason for his failure to prosecute his case, the third factor also favors dismissal.

  The fourth factor concerning the public policy favoring disposition of cases on their merits weighs against dismissal of the case. Id. at 643 ("Public policy favors disposition of cases on the merits.").

  The fifth factor concerning whether the Court has considered less drastic sanctions also weighs in favor of dismissal since Plaintiff failed to respond to the OSC despite the warning that the case could be dismissed as a result. See

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Since the balance of the factors strongly favors dismissal, this case is dismissed. The Clerk of the Court shall close the case.

Dated:  October 10, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge